1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRENT MORRIS,                               )
                                            )
                  Plaintiff,                )        Case No. 2:12-cv-01683-JCM-CWH
                                            )
vs.                                         )        **ORDER**
                                            )
THE ORLEANS HOTEL AND CASINO, *et al.*,     )
                                            )
                  Defendants.               )
_____    )

This matter comes before the Court on Plaintiff's Renewed Motion for Leave to Proceed *In Forma Pauperis* (#11), filed March 28, 2013. Based on the docket, it appears Plaintiff is currently incarcerated in the Warm Springs Correctional Center in Carson City, Nevada. Plaintiff has submitted a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Dkt. #1-1). The Court has reviewed the renewed motion for leave to proceed *in forma pauperis* and finds that Plaintiff is unable to make an initial installment payment. However, pursuant to 28 U.S.C. § 1915, plaintiff will be required to make monthly payments toward the full filing fee of four hundred dollars ($400.00).

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are

1    well-pleaded factual allegations, a court should assume their veracity and then determine whether

2    they plausibly give rise to an entitlement to relief.  *Id.*  "Determining whether a complaint states a

3    plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its

4    judicial experience and common sense." *Id.*  Finally, all or part of a complaint filed by a prisoner

5    may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.

6    This includes claims based on legal conclusions that are untenable (e.g., claims against defendants

7    who are immune from suit or claims of infringement of a legal interest which clearly does not

8    exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

9    scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932

10   F.2d 795, 798 (9th Cir. 1991).

11   **II. Discussion**

12        Plaintiff is seeking damages pursuant to 42 U.S.C. § 1983 for alleged constitutional

13   violations stemming from his arrest, trial, and conviction on charges in Nevada state court.  He

14   seeks damages from a multitude of individuals in both their individual and official capacities.  To

15   fully understand the nature of his claims, a brief synopsis of the underlying facts is necessary.  In

16   addition to the factual claims set forth by Plaintiff, the Court takes judicial notice of the underlying

17   state court proceedings.  *See* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage

18   of the proceeding.").  *See also Harper v. Montana*, 2013 WL 4949292 (D. Mont.) ("A court may

19   judicial notice of its own records . . . as well as other courts' records."); *Trigueros v. Adams*, 658

20   F.3d 983, 987 (9th Cir. 2011) (Courts "may take notice of proceedings in other courts, both within

21   and without the federal judicial system, if those proceedings have a direct relation to the matters at

22   issue."); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n. 1 (9th Cir. 1988).

23        Plaintiff alleges that on September 22, 2010, while gambling at the Caesars Palace Hotel

24   and Casino, he was unlawfully arrested by Agent Rachael Martines of the Nevada Gaming Control

25   Board.  The arrest was based on Plaintiff's status as an "excluded person" under NRS 463.155.

26   Part of Plaintiff's claim appears to be that he did not know he was an "excluded person" and,

27   therefore, the arrest was unlawful.  Upon his arrest, Plaintiff alleges he was searched and had

28   $768.00 in Caesars Palace gaming chips and $5,000.00 in Orleans gaming chips seized.  As a result

3

of his arrest, he was charged with unlawful entry of an excluded person in violation of NRS 463.155 and fraudulent acts in a gaming establishment in violation of NRS 465.070.[1] He was convicted, pursuant to a jury verdict and bench trial, of two counts of commission of fraudulent act in a gaming establishment and four counts of unlawful entry of an excluded person in a gaming establishment. His conviction was upheld on appeal by the Nevada Supreme Court. *See Morris v. State of Nevada*, Nevada Supreme Court Case No. 58646 (unpublished order).[2]

During the course of the underlying state court proceedings, it appears Plaintiff made three separate motions, one before trial and the other two post-conviction, seeking the return of the gaming chips that were seized during his arrest. The pretrial motion, filed on January 5, 2011, was denied. The first post-conviction motion was filed on June 10, 2011. The motion was denied without prejudice after representation that a forfeiture action had not yet been filed. Thereafter, Plaintiff, on November 18, 2011, filed a third motion for return of the chips seized incident to his arrest. Ultimately, on March 13, 2012, the motion for return of property was granted in part and denied in part. The $768.00 in gaming chips from Caesars Palace were returned, but the $5,000.00 in gaming chips from the Orleans Casino were not returned because they were the subject of a separate interpleader action, *State of Nevada ex rel. State Gaming Control Board vs. Brent Morris, et al.*, Las Vegas Township Justice Court, Case No. 12-C-003478 (complaint filed on February 6, 2012) (hereinafter "Interpleader Action").

Upon initiation of the Interpleader Action, the $5,000.00 in Orleans Casino gaming chips were deposited with the court and the parties claiming entitlement to the chips submitted briefing regarding their respective claims to the chips. On June 13, 2012, the judge in the Interpleader Action granted a motion to return the chips to Boyd Gaming rather than returning the chips to Plaintiff. The decision has been appealed to the Clark County District Court and is still pending.[3]

---

[1] *See State v. Morris*, Case No. C-10-269265-1, Clark County District Court.

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=26796

[3] *See Brent Morris, et al. vs. State of Nevada ex rel. State Gaming Control Board*, Case No. A-12-

4

1  As a result of the foregoing, Plaintiff alleges that his constitutional rights have been violated in

2  several respects and, therefore, he is entitled to damages under section 1983.

3    **A. Count I**

4    Plaintiff includes several claims in the portion of his complaint identified as Count I.

5  Plaintiff attempts to make claims under section 1983 against several individuals in both their

6  official and individual capacities.  The claims are based on the allegations the following

7  allegations: (1) Plaintiff's arrest was unlawful; (2) the seizure of gaming chips during a search

8  incident to arrest was unlawful; (3) malicious prosecution; (4) testimony offered against him was

9  fabricated; and (5) the state court determination to return a portion of the gaming chips seized upon

10 Plaintiff's arrest was improper.  The complaint is not a model of clarity and simply reads as

11 Plaintiff's narrative of the events underlying his claims.  In its review, the Court has made every

12 effort to identify cognizable claims and liberally construe the complaint.

13   **1. Defendant Employees of the Orleans Hotel and Casino**

14   Plaintiff alleges that the Orleans Hotel and Casino employees violated his constitutional

15 rights:  Tony Taeubel (Vice President and General Manager), Charles Estell (Casino Manager),

16 Jeffrey Fine (Shift Manager), Mitchell Caberto (Security Surveillance Agent), Elizabeth Sobczak

17 (Security Surveillance Agent), and Jeffrey Eldert (Director of Security).  The claims against these

18 individuals fail because none of them can be considered a state actor for purposes of section 1983

19 liability.

20   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

21 that a right secured by the Constitution or laws of the United States was violated, and (2) that the

22 alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*,

23 487 U.S. 42, 48 (1988).  "A person may become a state actor by conspiring with a state official, or

24 by engaging in joint activity with state officials."  *See Price v. State of Hawaii,* 939 F.2d 702,

25 708–09 (9th Cir.1991) (citing *Sable Communications v.. Pacific Tel. & Tel. Co.,* 890 F.2d 184, 189

26 (9th Cir.1989)). The joint action test requires the private party to be a "willful participant" with

27 _____

28 667895-A.

5

state actors, and the private party's actions must be "inextricably intertwined" with the state actors' actions in an activity that deprives an individual of his constitutional or federal rights. *Brunette v. Humane Society of Ventura County,* 294 F.3d 1205, 1211 (9th Cir.2002). Further, the private party needs to have some control over the state actors' decision making. *See Arnold v. International Business Machines Corp.,* 637 F.2d 1350, 1357 (9th Cir.1981).[4]

A plaintiff trying to show that a private party acted under color of state law must show that the defendants "conspired or acted jointly with state actors." *Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 783 (9th Cir.2001) (citing *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir.1989)). There is no such claim here. The allegations against the Orleans Casino employees are based on the providing of information and evidence to the State. The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983. *See Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir.1983); *Butler v. Goldblatt Bros., Inc.,* 589 F.2d 323, 327 (7th Cir.1978). Consequently, the claims against the Orleans Casino employees should be dismissed.

**2. Nevada Gaming Control Board Official Capacity Claims**

Plaintiff has made claims against the following individuals in their official capacities with the Nevada Gaming Control Board: Jerry Markling (Chief of Enforcement); Robert Brissae (Enforcement Agent); and Rachel Martines (Enforcement Agent). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff cannot recover monetary damages against the named Nevada Gaming Control Board agents sued in their official capacities under section 1983.

---

[4] A private individual may also be considered a state actor under the "public function test," which is satisfied when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations. *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002) (citation omitted). So too under the "governmental nexus test," where a private actor or entity is considered a state actor if there is a demonstrated sufficiently close nexus between the State and the regulated entity so that the action of the latter may be fairly treated as that of the State itself. *Blum v Yaretsky*, 457 U.S. 991, 1004 (1982). Neither of these tests is applicable here.

### 3.  Nevada Gaming Control Board Individual Capacity Claims Against
### Defendants Markling and Brissae

Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  However, vicarious liability is inapplicable to section 1983 cases and a plaintiff must plead that each government official named as a defendant, through his or her own actions, has violated the constitution.  *Montgomery v. Las Vegas Metropolitan Police Dep't.*, 2013 WL 3198305 (D. Nev.) (citing *Iqbal*, 129 S. Ct. At 1948 (2009); *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011)).  Plaintiff's allegation that Defendant Markling is liable under section 1983 for the overall operation of his department and the acts undertaken by Nevada Gaming Control agents is not well taken and should be dismissed.

Plaintiff's claim against Defendant Brissae must also be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (A prisoner making section 1983 actions alleging constitutional violation that would necessarily imply the invalidity of the conviction or sentence must establish the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through some other similar proceeding.).  The claim against Brissae is that he brought unfounded criminal charges.  Plaintiff was convicted and that conviction upheld on appeal, he has not satisfied the requirement under *Heck* that a sentence or conviction be invalidated on appeal. Further, there is nothing to suggest that Brissae "brought unfounded criminal charges."  Brissae is not a prosecutor and, therefore, could not bring charges.  To the extent Brissae had any authority to bring charges, he would have absolute immunity from claims for damages under section 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that in initiating and prosecuting a criminal case a prosecutor is absolutely immune from a civil suit for damages under section 1983).

### 4.  Plaintiff's Claims for False Arrest, Malicious Prosecution, and Illegal
### Search and Seizure

Plaintiff's claim under section 1983 for false arrest is *Heck*-barred because pursuing the claim would necessarily imply the invalidity of the Plaintiff's conviction, which was upheld on appeal.  *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (false claims barred by *Heck* given that success on the claim would require a demonstration of lack of probable

cause for the arrest and a finding of no probable cause would necessarily imply invalidity of the conviction). The claim for malicious prosecution is also *Heck*-barred. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred claims of wrongful arrest and malicious prosecution). As noted in *Heck*, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484. That is not the case here where Plaintiff was arrested, tried, convicted, and had his conviction upheld on appeal. Lastly, Plaintiff's claim against Nevada Gaming Control Board agent Rachel Martines is *Heck* barred. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (a claim of an illegal search and seizure of evidence that was used to secure a conviction necessarily implies the invalidity of that conviction); *see also Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th cir. 2000) ("[A] [section] 1983 claim alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction overturned.").

### 5. Interpleader Action

A large part of Plaintiff's discontent and claim appears to be the decision by a state court judge in the Interpleader Action to award the $5,000.00 in Orleans Casino gaming chips to Boyd Gaming rather than return the chips to Plaintiff. The claim must be dismissed pursuant to the *Rooker-Feldman* doctrine because it is a de facto appeal of a state court judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."); *see also Bell v. Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (""The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment.").

Plaintiff makes a direct challenge to both the factual and legal conclusions of the underlying state court judgment in the Interpleader Action and contends the judge in the Interpleader Action committed error by awarding the $5,000.00 in gaming chips to Boyd Gaming. He claims he is the victim of a "mixed ruling" because the judge in the underlying criminal trial ordered the return of

8

the $768.00 in Caesars Palace gaming chips to Plaintiff.  This is a de facto appeal of the underlying decision in the Interpleader Action and, therefore, this Court does not have jurisdiction to hear the claim.

**B. Count II**

In count II of his complaint, Plaintiff alleges that the failure of his retained attorney to file an appeal of the decision in the Interpleader Action violated his Sixth Amendment right to effective assistance of counsel.  Though the Sixth Amendment provides for the right to effective assistance of counsel, it does not apply in civil cases.  *See Pokuta v. TWA*, 191 F.3d 834, 940 (7th Cir. 1999) ("[T]he well-settled general rule is that there is no constitutional or statutory right to the effective assistance of counsel in civil cases."); *United States v. Bodre*, 948, F.2d 28, 37 n. 7 (1st Cir. 1991) ("It is well-settled that the Sixth Amendment right to effective assistance of counsel applies only to critical stages of criminal prosecutions.").  The Ninth Circuit has held that "[t]he protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions."  *United States v. $292,888.04 in US Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  The Sixth Amendment does not apply to civil forfeitures.  *Id.*  The Interpleader Action was a civil action in state court.  As such, Plaintiff cannot state a claim for violation of his Sixth Amendment right to the effective assistance of counsel because the Sixth Amendment is not applicable.[5]

**C. Count III**

In count III, Plaintiff alleges that the Clark County Court Clerk violated his First, Fifth, and Fourteenth Amendments by refusing to file a notice of appeal on his behalf.  The claim also has its origin in the underlying Interpleader Action, which was originally filed in the Las Vegas Township Justice Court, *State of Nevada ex rel. State Gaming Control Board vs. Brent Morris, et al.*, Case

---

[5] Plaintiff also alleges that his assigned counsel violated his Sixth Amendment rights and was ineffective because she failed file an appeal.  First, there is no record in the underlying Interpleader Action that Plaintiff was represented by the public defender.  Even if she had represented Plaintiff, the Sixth Amendment is not applicable in civil cases.  Second, to the extent Plaintiff seeks damages stemming from the underlying criminal trial, his appointed counsel is entitled to immunity.  "When public defenders or court-appointed attorneys are acting in their role as advocate, they are not acting under color of state law for [section] 1983 purposes."  *Fernandez v. Moonin*, 2013 WL 4517279 (D. Nev.) (citations omitted).  Moreover, an appeal was filed and the conviction upheld.

No. 12-C-003478 (complaint filed on February 6, 2012).  The claim fails to state a claim upon which relief can be granted because the Clerk is entitled to immunity.  Court clerks "have absolute quasi-judicial immunity from suits requesting damages or injunctive relief 'when they perform tasks that are an integral part of the judicial process.'" *See Baca v. Washington*, 2009 WL 3063055 (W.D. Wash.) (citing *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988)).  A mistake or act in excess of jurisdiction does not abrogate such immunity event if it results in grave procedural errors.  *Mullis*, 828 F.2d at 1390 (quotation omitted).  Allegations of bad faith, personal interest, outright malevolence, or conspiracy fail to pierce the cloak of immunity.  *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987).  Sending a letter informing Plaintiff of the applicable procedures and rules on appeal is not actionable and the Clerk is entitled to absolute immunity.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion for Leave to Proceed *In Forma Pauperis* (#11) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint (#1-1).

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed** for failure to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of September, 2013.

Carl W. Hoffman, Jr.
United States Magistrate Judge