UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENT MORRIS,<br><br>           Plaintiff(s),<br><br>v.<br><br>ORLEANS HOTEL AND CASINO, et al.,<br><br>           Defendant(s). | 2:12-CV-1683 JCM (CWH) |

**ORDER**

Presently before the court are Magistrate Judge Hoffman's report and recommendation. (Doc. # 16). The magistrate judge recommends that *pro se* plaintiff Brent Morris' complaint (doc. # 17) be dismissed for failure to state a claim. Plaintiff has filed objections to the report. (Doc. # 24).

**I.    Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II.     Background[1]

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged constitutional violations stemming from his arrest, trial, and conviction in Nevada state court.

Plaintiff alleges that on September 22, 2010, he was unlawfully arrested by officers of the Nevada Gaming Control Board while he was gambling at the Caesars Palace Hotel and Casino ("Caesars"). Plaintiff was arrested pursuant to NRS 463.155 for being an "excluded person."[2]

During the arrest, officers confiscated $768.00 in Caesars gaming chips and $5,000.00 in gaming chips from the Orleans Hotel and Casino ("Orleans"). Plaintiff was thereafter charged with unlawful entry of an excluded person in violation of NRS 463.155 and fraudulent acts in a gaming establishment in violation of NRS 465.070.[3] *See State v. Morris*, Case No. C-10-269265-1, Clark County District Court. He was convicted, pursuant to a jury verdict and bench trial, of two counts of commission of fraudulent acts in a gaming establishment and four counts of unlawful entry of an excluded person in a gaming establishment. His conviction was upheld on appeal by the Nevada Supreme Court. *See Morris v. State of Nevada*, Nevada Supreme Court Case No. 58646 (unpublished order).

During the course of the underlying state court proceedings, it appears plaintiff made three separate motions–one before trial and the other two post-conviction–seeking the return of the gaming chips that were seized during his arrest. The pretrial motion, filed on January 5, 2011, was denied. The first post-conviction motion was filed on June 10, 2011. The motion was denied without prejudice after representation that a forfeiture action had not yet been filed. Plaintiff then filed a

---

[1] Plaintiff has not objected to the factual or procedural history as provided by the magistrate judge, and this court therefore accepts them as true and incorporates them herein.

[2] NRS 463.155 reads: "Any person who has been placed on the list of persons to be excluded or ejected from any licensed gaming establishment pursuant to NRS 463.151 is guilty of a gross misdemeanor if the person thereafter enters the premises of a licensed gaming establishment which conducts pari-mutuel wagering or operates any race book, sports pool or games, other than slot machines only, without first having obtained a determination by the Commission that the person should not have been placed on the list of persons to be excluded or ejected."

[3] Plaintiff allegedly engaged in several instances of "past posting." According to plaintiff, this term "refers to a player placing a bet after legitimate wagering has ended, in this case. . .plac[ing] two bets after the craps dice were thrown and had stopped rolling." (Objections, doc. # 24, p. 2-3).

James C. Mahan
U.S. District Judge

- 2 -

1  third motion seeking the return of the chips seized incident to his arrest.

2  Ultimately, on March 13, 2012, the motion for return of property was granted in part and
3  denied in part. The $768.00 in gaming chips from Caesars were returned, but the $5,000.00 in
4  gaming chips from the Orleans were not returned because they were the subject of a separate
5  interpleader action, *State of Nevada ex rel. State Gaming Control Board vs. Brent Morris, et al.*, Las
6  Vegas Township Justice Court, Case No. 12-C-003478 (complaint filed on February 6, 2012)
7  (hereinafter "interpleader action").

8  Upon initiation of the interpleader action, the $5,000.00 in Orleans gaming chips
9  were deposited with the court and the parties claiming entitlement to the chips submitted briefing
10 regarding their respective claims. On June 13, 2012, the judge in the interpleader action granted a
11 motion to return the chips to Boyd Gaming rather than returning the chips to plaintiff. The decision
12 has been appealed and is still pending.[4]

13 **III. Discussion**

14 As an initial matter, the court acknowledges that the complaint was filed *pro se* and is
15 therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document
16 filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be
17 held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and
18 citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more
19 favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th
20 Cir.1986).

21 As indicated by the magistrate judge, the complaint is a disorganized narrative of plaintiff's
22 version of events. The court has done its best to identify possible causes of action, and will address
23 them in the manner it finds most convenient.

24  1. Count I
25  A. Defendant employees of the Orleans
26 Plaintiff alleges that the following Orleans employees violated his constitutional rights: Tony

---

[4] *See Brent Morris, et al. v. State of Nevada ex rel. State Gaming Control Board*, case no. A-12-667895-A.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Taeubel (vice president and general manager), Charles Estell (casino manager), Jeffrey Fine (shift
2  manager), Mitchell Caberto (security surveillance agent), Elizabeth Sobczak (security surveillance
3  agent), and Jeffrey Eldert (security director).

4  To state a claim under 42 U.S.C. § 1983, two essential must be alleged: (1) that a right
5  secured by the Constitution or laws of the United States was violated, and (2) that the alleged
6  violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S.
7  42, 48 (1988). These defendants are private individuals acting within the scope of their employment
8  for a private hotel and casino.

9  While private parties may sometimes be considered as acting under color of law when they
10 conspire or act jointly with recognized state actors, the complaint contains no allegations of such.
11 Rather, the allegations are based on the act of providing information to police officers incident to
12 plaintiff's arrest. These actions do not implicate "joint action" under color of law which would
13 render them liable under section 1983. *See, e.g., Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783
14 (9th Cir. 2001); *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).

15 The claims against the defendant employees of the Orleans fail as a matter of law and are
16 dismissed.

17        *B.  Nevada Gaming Control Board defendants*

18 Plaintiff asserts claims against the following Nevada Gaming Control Board ("NGCB")
19 employees in their official and individual capacities: Jerry Markling (chief enforcement officer),
20 Robert Brissae (enforcement agent), and Rachel Martines (enforcement agent).

21 State officers sued in their official capacity are not considered "persons" for purposes of a
22 section 1983 claim. *Will v. Mich. Dept. Of State Police*, 491 U.S. 58, 71 (1989). Plaintiff therefore
23 cannot recover monetary damages against the named NGCB employees in their official capacities.

24 The claims against these defendants in their individual capacities likewise fail. The
25 complaint seeks to hold Markling liable for the alleged constitutional violations by virtue of his
26 supervisory position. It is well-established that individuals may not be held liable under section 1983
27 based upon the theory of *respondeat superior*. *See, e.g., Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Cir. 2011). Because plaintiff has not alleged that Markling, through his own action, has violated the Constitution, this claim against him fails.

Turning next to Brissae, the court agrees with the report and recommendation that these claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (A prisoner in a section 1983 action alleging constitutional violation that would necessarily imply the invalidity of the conviction or sentence must establish the underlying sentence of conviction has been invalidated on appeal, by habeas petition, or through some other similar proceeding.). In analyzing this issue, the magistrate judge found the following:

> The claim against Brissae is that he brought unfounded criminal charges. Plaintiff was convicted and that conviction upheld on appeal, he has not satisfied the requirement under *Heck* that a sentence or conviction be invalidated on appeal. Further, there is nothing to suggest that Brissae "brought unfounded criminal charges." Brissae is not a prosecutor and, therefore, could not bring charges. To the extent Brissae had any authority to bring charges, he would have absolute immunity from claims for damages under section 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that in initiating and prosecuting a criminal case a prosecutor is absolutely immune from a civil suit for damages under section 1983).

(Report and recommendation, doc. # 16, p. 7).

The magistrate judge also found the claims against Martines were barred by *Heck*. (*Id.* at p. 8) (*citing Szajer v. City of Los Angeles*, 632 F.3d, 607, 611 (9th Cir. 2011)(a claim of an illegal search and seizure of evidence that was used to secure a conviction necessarily implies the invalidity of that conviction.). The court agrees that plaintiff has failed to satisfy *Heck* and as a result the court cannot consider these claims.

C.   *Interpleader action*

A large portion of the complaint relates to the decision by the state court in the interpleader action to award the $5,000.00 in casino chips to Boyd Gaming rather than to plaintiff.

To the extent count one relates to the state court's award, that decision is not subject to review by this court under the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars

subject matter jurisdiction in federal district court."); *see also Bell v. Boise*, 709 F.3d 890, 897 (9th Cir. 2013)("The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment.").

    2.    Count II

The magistrate judge construed count two as an allegation "that the failure of [plaintiff's] retained attorney to file an appeal of the decision in the[i]nterpleader [a]ction violated his Sixth Amendment right to effective assistance of counsel." (Report and recommendation, doc. # 16, p. 9). The magistrate judge correctly noted that the interpleader action was a civil action in state court, and that the Sixth Amendment does not apply in civil matters.

In addition, plaintiff has not specifically objected to this portion of the report and recommendation, and the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). This claim is dismissed.

    3.    Count III

The magistrate judge construed count three as alleging "that the Clark County Court Clerk violated [plaintiff's] First, Fifth, and Fourteenth Amendment [rights] by refusing to file a notice of appeal on his behalf." (Report and recommendation, doc. # 16, p. 9). The magistrate judge correctly noted that this claim relates to the interpleader action and that the court clerk is entitled to immunity in performing tasks integral to the judicial process.

In any event, plaintiff has again failed to object to this portion of the report and recommendation, and the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*, 474 U.S. at 149. This claim is dismissed.

**IV.   Conclusion**

After conducting a *de novo* review, the court concludes that the complaint fails to state a claim upon which relief may be granted. The magistrate judge's report and recommendation are adopted in their entirety.

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Hoffman's report and recommendation (doc. # 16) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that the complaint (doc. # 17) be, and the same hereby is, DISMISSED. The clerk is instructed to close the case.

DATED May 7, 2014.

_____
UNITED STATES DISTRICT JUDGE